IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KEVIN YOUNG : CIVIL ACTION
:
v. :
:
JULIO M. ALGARIN, et al.[1] : NO. 08-3234

## REPORT AND RECOMMENDATION

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE           October 15, 2008

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at the Montgomery County Prison in Norristown, Pennsylvania. For the reasons that follow, I recommend that the petition be dismissed.

**FACTS AND PROCEDURAL HISTORY:**

On March 24, 2008, Petitioner Kevin Young pled guilty before the Honorable Paul W. Tressler of the Court of Common Pleas of Montgomery County to charges of attempted burglary and burglary. He also pled guilty to violating his probation, which Judge Tressler had imposed in December 2005, as a result of a prior conviction for leaving the scene of a car accident involving personal injury. Judge Tressler re-sentenced Young to 11 ½ to 23 months imprisonment for leaving the scene of an accident; 29 ½ to 59 months imprisonment for attempted burglary, with five years probation; and 10 years probation for burglary, to run concurrently with the five-year probationary term.

---

[1] Although the Petitioner names the Commonwealth Court as the Respondent, the proper Respondent is the Superintendent or Warden of the Correctional Institution where he is incarcerated. See Rule 2(a) of the Rules Governing Section 2254 Cases. In this case, Julio M. Algarin is the Warden of the Montgomery County Prison. Therefore, he has been substituted as the Respondent in this case.

Young did not file a direct appeal. He also has not filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.

Instead, on June 23, 2008, Young filed the instant, pro se petition for writ of habeas corpus, in which he alleges that the court erred by failing to give him credit for time served when he was sentenced on March 24, 2008.

In its Response, the Commonwealth contends that his claim has not been exhausted in the state courts and, as a result, the petition must be dismissed without prejudice. Upon review of the prevailing jurisprudence, this court agrees.

**DISCUSSION**:

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the state courts be given a full and fair opportunity to address the Petitioner's claims. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000)(citing Murray v. Carrier, 477 U.S. 478, 488-89(1986)). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346, 350 (1989). In other words, a petitioner must invoke "one complete round of the State's established review process" before he may assert the claim on federal habeas review. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999). A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). In the

case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

In the case before the Court, Young has failed to exhaust his habeas claim in the state court.  He has not filed a direct appeal and has not filed a petition for collateral relief, including this or any other claims.  However, he is not foreclosed from obtaining further state or federal review.  The PCRA states that "[a]ny petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final . . ." 42 Pa. Cons. Stat. Ann. § 9545(b) (1998).  As petitioner's conviction became final on or about April 23, 2008[2], when his time for filing a direct appeal lapsed, he still has time to seek collateral review in state court.  In turn, once petitioner has fully exhausted his habeas claims at the state trial and appellate levels, he may, if necessary, return in a timely fashion to file a petition for federal habeas corpus review.  In pursuing his appeals, Young must be aware of the time limitations imposed by both the Post Conviction Relief Act, 42 Pa.C.S.A. § 9545(b) (imposing a one year statute of limitations), and the statute governing habeas corpus, 28 U.S.C. § 2244(d) (imposing a one year limitations period, but excepting the time during which a properly filed PCRA petition is pending).

Therefore, this court recommends that the case be dismissed without prejudice[3] and with

---

[2] See 42 Pa. Cons. Stat. Ann. § 9545(b)(3) (judgment becomes final at the conclusion or at the expiration of time for seeking the review).

[3] Since this is not a mixed petition, petitioner has not demonstrated good cause for failing to exhaust his state court remedies, and he still has time to exhaust his remedies and return to federal court, this case is not appropriate for a "stay and abey". See Rhines v. Weber, 544 U.S. 269 (2005) (finding that a "stay and abey" procedure was appropriate when dismissal of a mixed petition could jeopardize the petitioner's ability to obtain federal review at a later date).

a recommendation to petitioner to immediately pursue state court remedies.

Therefore, I make the following:

### **R E C O M M E N D A T I O N**

AND NOW, this 15th day of October, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be dismissed without prejudice. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.


/s/Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN YOUNG | : | CIVIL ACTION |
| v. | : | |
| JULIO M. ALGARIN, et al. | : | NO. 08-3234 |

**O R D E R**

EDUARDO ROBRENO, J.,

AND NOW, this _____ day of _____, 2008, upon careful and independent consideration of the petition for writ of habeas corpus, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
EDUARDO ROBRENO, J.