IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN YOUNG, | : | CIVIL ACTION |
| | : | No. 08-3234 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JULIO M. ALGARIN, et al., | : | |
| | : | |
| Respondents. | : | |

O R D E R

AND NOW, this [7th] day of May 2009, upon consideration of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart (doc. no. 16) and Petitioner's objections thereto (doc. no. 21), it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** except that the Petition for Writ of Habeas Corpus will be dismissed with prejudice;[1]

---

[1] Petitioner objects to Magistrate Judge Hart's conclusion that his claim has not been exhausted in the state courts. Petitioner asserts that he does not know how to file an appeal in the state court because he is not a lawyer. In addition, Petitioner argues that even if he filed a PCRA petition it will be moot because he has been in prison since March 24, 2007, which will place him well over the legal statute of limitations for filing a PCRA petition.

A brief recount of Petitioner's guilty plea and sentencing is summarized as follows. On March 24, 2008, Petitioner pleaded guilty before the Honorable Paul W. Tressler of the Court of Common Pleas of Montgomery County to charges of attempted burglary and burglary. He also pleaded guilty to violating his probation, which Judge Tressler imposed in December of 2005 as a result of a prior conviction for leaving the scene

of a car accident involving personal injury.

Judge Tressler re-sentenced Petitioner to: (1) 11 ½ to 23 months imprisonment for leaving the scene of an accident; (2) 29 ½ to 59 months imprisonment for attempted burglary and five months probation; and (3) 10 years probation for burglary, to run concurrently with the five-year probationary term.

Petitioner did not file a direct appeal. Nor has he filed a petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq. Rather, on June 23, 2008, Petitioner filed the instant habeas petition, alleging that Judge Tressler erred by failing to give him credit for time served when he was sentenced on March 24, 2008.

Absent unusual circumstances, the federal court will not consider the merits of a habeas petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the state courts be given a full and fair opportunity to address the Petitioner's claims. See Edwards v. Carpenter, 529 U.S. 446, 451 (2000)(citing Murray v. Carrier, 477 U.S. 478, 488-89(1986)). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346, 350 (1989). In other words, a petitioner must invoke "one complete round of the State's established review process" before he may assert the claim on federal habeas review. O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999). A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982). In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving state courts of the "opportunity to correct their own errors, if any." Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

Under the PCRA, "[a]ny petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final . . . ." 42 Pa. Cons. Stat. Ann. § 9545(b). Petitioner's conviction became final on or about April 23, 2009, when his time for filing a direct appeal lapsed. Petitioner's

2.   Petitioner's objections to the Report and

suggestion that he does not know how to file an appeal in the state court because he is not a lawyer has no merit, especially since a review of Petitioner's state court records includes a habeas petition relating to another matter. On the other hand, the statute of limitations expired on or about April 23, 2009. See 42 Pa. Cons. Stat. Ann. § 9545(b) (imposing a one year statute of limitations; 28 U.S.C. § 2244(d) (imposing a one year statute of limitations, but excepting the time during which a properly filed PCRA petition is pending).

The one-year limitations period is, however, subject to equitable tolling. See Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair." Id. (internal quotations omitted); see also Seitzinger v. Reading Hosp. and Medical Ctr., 165 F.3d 236, 239 (3d Cir. 1999) ("The law is clear that the courts must be sparing in their use of equitable tolling.") To qualify for equitable tolling, Petitioner must show: (1) the existence of extraordinary circumstances that prevented him from asserting his rights; and (2) that he exerted reasonable diligence in investigating and bringing his claims. Jones, 195 F.3d at 159; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

As to equitable tolling, the Court reviewed the record independently and finds that there is no evidence to warrant equitable tolling in the instant case. Given Petitioner's lengthy history of motion practice, the Court is unable to conclude that "extraordinary" circumstances prevented him from asserting his rights within the applicable limitations period. Moreover, the Court is unable to find that Petitioner exercised reasonable diligence in pursuing his claim, where he failed to appeal his underlying sentence or file a PCRA petition by April 23, 2009. See generally Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 1999) (finding no basis for evidentiary hearing on equitable tolling where petitioner filed his petition outside the statute of limitations period). This is especially the case when Petitioner was expressly notified of his ability to commence the process for exhaustion at least by December 22, 2008; the date Petitioner's objections to Magistrate Judge Hart's report and recommendation were filed. He then had approximately four months to file an appeal or a PCRA petition, but failed to do so. Therefore, Petitioner is barred from proceeding in this case.

Recommendation are **OVERRULED**;

3. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, (doc. no. 1) is **DISMISSED with prejudice**; and

4. There is no probable cause to issue a Certificate of Appealability.[2]

**AND IT IS SO ORDERED.**

*[signature]*

EDUARDO C. ROBRENO, J.

---

[2] A prisoner seeking a certificate of appealability must demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). No basis for a certificate of appealability exists in this case, as Petitioner is unable to meet this standard.